ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Washington Star Construction Company | ) ASBCA No. 60644 |
| | ) |
| Under Contract No. W91JA4-12-C-7131 | ) |

APPEARANCE FOR THE APPELLANT:        Mr. Jaweed Alami
        Managing Director

APPEARANCES FOR THE GOVERNMENT:        Raymond M. Saunders, Esq.
        Army Chief Trial Attorney
        MAJ Deidre K. Baker, JA
        Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE PEACOCK ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, arguing that no "cognizable" claim was submitted to a contracting officer (CO) pursuant to the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109, prior to the filing of the appeal. We grant the motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 5 July 2012, the government awarded Contract No. W91JA4-12-C-7131 (contract), in the amount of $1,897,160.17, to Washington Star Construction Company (appellant) to construct buildings and provide upgrades for an Afghan National Police (ANP) District building and Central Unit Headquarters in Kabul Province in Afghanistan (R4, tab 1 at 1-3). The Notice to Proceed was issued on 14 July 2012 (R4, tab 2).

2. By invoice dated 6 November 2012, appellant requested payment in the amount of Afghani (AFN) 46,089,930 for completion of 50% of the project (R4, tab 3). The requested amount was paid to appellant by voucher dated 30 November 2012 (R4, tab 4).

3. Modification No. P00001, effective 27 April 2013, added T-Walls, a guard tower and upgrades on the project, and increased the price of the contract by $56,950.17 (R4, tab 5 at 1).

4. By correspondence dated 22 July 2013, appellant submitted an invoice to the government for AFN 23,044,965 for payment marking the completion of 75% of the project (R4, tab 8), and by voucher dated 16 August 2013, the government paid appellant the invoice amount (R4, tab 10). In correspondence dated 4 November 2013, appellant

submitted an invoice described as "Final Payment" for AFN 25,831,477.58 which also included the following:

> **Release of Claims:** Know all men by these present[], in consideration of the premise [sic] and sum of AFN 94,966,372.58 of which AFN 69,134,895.00 has been paid, and a balance due of AFN 25,831,477.58 is to be paid by the United Sates Government under the above noted contract, the undersigned contractor does release and discharge the Government, its officers, agents and employees, of and from all liabilities, obligations and claims whatsoever in law and equity arising out of or by virtue of said contract, except specified claims in stated amounts, or in estimated amounts when the amounts are not susceptible of exact statement by the contractor, as follows: None.

(R4, tab 14)

5. By voucher dated 30 December 2013, the government made a payment of AFN 25,831,477.58 to appellant (R4, tab 15). A contract completion statement (DD 1594) was signed 7 January 2014, reflecting a completion date of 4 November 2013 (R4, tab 16).

6. On 24 June 2016, appellant emailed its notice of appeal to the Board, requesting processing by the Board of its attached letter indicating it had provided a quote of $142,000 for extra work on the contract and had been told a modification would be issued adding $144,000 to the contract. Appellant contends it performed the extra work but never received a modification. The Board docketed the matter as ASBCA No. 60644. By email dated 28 June 2016, appellant submitted the same document again, and it was accepted as appellant's complaint.

7. On 9 August 2016, the government moved to dismiss the appeal for lack of jurisdiction, asserting that the Board lacks jurisdiction because appellant never submitted a claim in a sum certain to the CO. The government included the name and email of the CO in a footnote in its motion (gov't mot. at 5 n.1). By email dated 11 August 2016, the government again provided the CO's name and email address to appellant (Bd. corr. file).

8. Appellant responded to the government's motion by correspondence dated 16 August 2016, titled, "Objection motion to dismiss ASBCA: 60644." Appellant stated, "our company was waiting for the modification and add amount of the $144,000 on the contract, we are still waiting, therefore, it was the contracting officer mistake not send the modification." (Syntax in original)

2

9. On 6 October 2016, the Board received an email sent from appellant to the CO, copying the Board and government counsel, attaching what was titled, "Certified Claim for ASBCA: 60644." This submission repeated the same language regarding appellant's quote of $142,000, the promise of $144,000, and the CO's failure to provide a modification after it had performed the work. This document also included a claim certification.

## DECISION

The CDA states, "Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). The Board's jurisdiction depends on the submission of a claim to the CO, followed by a written CO's final decision or a "deemed denial" of the claim. Where the claim is greater than $100,000, it must also be certified in accordance with the CDA to be considered a claim. 41 U.S.C. § 7103(b); FAR 2.101; *Bizhan Niazi Logistic Services Company*, ASBCA No. 59205, 14-1 BCA ¶ 35,703 at 174,827 (citing *Taj Al Safa Company*, ASBCA No. 58394, 13 BCA ¶ 35,278 at 173,158).

Appellant, as the proponent of the Board's jurisdiction, must establish that it submitted a written claim for payment to the CO prior to filing this appeal. *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Although the CDA does not define the term "claim," it is defined at Federal Acquisition Regulation (FAR) 2.101:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed as to liability or amount or is not acted upon in a reasonable time.

There is no requirement that a "claim" be submitted in any particular form or with any particular words, but it must be in writing and provided to a CO, with "clear and unequivocal statement[s] that gives the [CO] adequate notice of the basis and amount of the claim." *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987).

3

There is no evidence in the record indicating that appellant submitted a claim to the CO before filing this appeal on 24 June 2016. Appellant has failed to meet its burden to establish the Board's jurisdiction, and therefore the appeal must be dismissed.[*]

## CONCLUSION

The government's motion is granted. This appeal is dismissed without prejudice to a timely appeal from the CO's denial, or deemed denial, of the contractor's 6 October 2016 claim in accordance with 41 U.S.C. § 7104.

Dated: 8 November 2016

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] It appears appellant submitted a claim to the CO on 6 October 2016, subsequent to the filing of this appeal (SOF ¶ 9), but that filing is of no significance in this appeal. Under 41 U.S.C. § 7103(f)(2), the CO is required to issue a decision on any submitted claim of more than $100,000 within 60 days of receipt or notify the contractor of the time within which a decision will be issued. If appellant disagrees with the CO's decision, it has 90 days from the date of receipt of the decision to appeal to this Board. 41 U.S.C. § 7104(a). Alternatively, it has 12 months from receipt of the CO decision to bring an action in the United States Court of Federal Claims. 41 U.S.C. § 7104(b)(1), (3). Should the CO fail to issue a decision within the required time period, 41 U.S.C. § 7103(f)(5) authorizes the contractor to appeal to the Board or bring an action in the court on a "deemed" denied basis.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60644, Appeal of Washington Star Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals